Isagani De La Pena

Reg. No. 00944-093

Federal Correctional Institution

P.O. Box 5300

Adelanto, CA 92301



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Isagani De La Pena, | ) | C.A. No. <u>CV 07-7150-R (AGR)</u> |
| Petitioner, | ) | Cr No. 00-001261 (D.Guam) |
| vs. | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| <u>S.A. HOLENCIK</u>, Warden, | ) | 28 U.S.C. §2241 PETITION |
| Respondent. | ) | |
| | ) | |

## I. INTRODUCTION

On October 22, 2001, Isagani De La Pena was convicted of the following criminal offenses:

Count I -- 21 U.S.C. §841(a)(1) and 846 (conspiracy to distribute methamphetimine).

Count II -- 21 U.S.C. §841(a)(1) (distribution of methamphetimine).

Count III -- 21 U.S.C. §860 (distribution of methamphetimine within 1000 feet of a playground).

Count IV -- 21 U.S.C. §841(b) -- (unlawful use of a communication device).

Count V -- 18 U.S.C. §922(g)(1) and 924(a)(2) --

(Felon in possession of a firearm).

Count VI -- 18 U.S.C. §922(3) and §924(a)(2) (possession of firearm by an unlawful drug user).

Mr. De La Pena subsequently appealed to the United States Court of Appeals for the Ninth Circuit where his conviction and sentence were affirmed on February 26, 2003. Mr. De La Pena then submitted a motion pursuant to 28 U.S.C. §2255 which was denied on July 7, 2005. The issue presented in this habeas petition has not been previously raised.

This Petition concerns Counts II and III above. Because Count II is a lesser offense of Count III, Mr. De La Pena's conviction and sentence violate the Double Jeopardy Clause of the Constitution of the United States of America.

Post-Conviction judicial interpretation of statute, combined with ineffective assistance of trial and appellate counsel has resulted in Mr. De La Pena having never been afforded an unobstructed procedural opportunity to challenge this constitutional deficiency in his conviction and sentence.

II.                          ARGUMENT

(A) SIMULTANEOUS CONVICTIONS FOR DISTRIBUTION WITHIN 1000 FEET OF PLAYGROUND AND THE LESSER OFFENSE OF SIMPLE DISTRIBUTION VIOLATE THE DOUBLE JEOPARDY CLAUSE

Recent caselaw makes clear that Mr. De La Pena's simultaneous convictions for 21 U.S.C. 860 (distribution of methamphetimine within 1000 feet of a playground)(Count III)

and 21 U.S.C. 841(a)(1), (distribution of methamphetimine) (Count II), constitute a violation of the Double Jeopardy Clause. See <u>United States v. Perry</u>, 389 F.Supp.2d 278, 285 (D.R.I.2005)(Statute prohibiting knowing possession of a controlled substance with intent to distribute, §841(a)(1), is a lesser included offense of §860, the statute prohibiting possession of a controlled substance within 1000 feet of a school, and thus conviction for both offenses constitutes a violation of the Double Jeopardy Clause, and requires vacation of of conviction as to the lesser offense)(citing cases). Accord <u>United States v. Cabbaccang</u>, 481 F.3d 1176, 1180 (9th Cir.2007)(<u>Cabbaccang III</u>)(lesser-included offenses of simultaneous convictions must be vacated), (citing <u>United States v. Rutledge</u>, 517 US 292, 307 (1996))(one of the convictions and its concurrent sentence must be vacated).

The fact that Mr. De La Pena's convictions for Counts II and III constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause is well-settled law at this time and cannot be disputed.

    (B)    28 U.S.C. §2241 IS THE PROPER VEHICLE FOR
            MR. DE LA PENA'S DOUBLE JEOPARDY CLAIM

In general, §2255 "provides the exclusive procedural mechanism" by which a federal prisoner may test the legality of his detention. However, a prisoner may proceed under §2241 if he can show that "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention". <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir.2003)(Quoting 28 U.S.C. §2255 ¶5).

Mr. De La Pena, pro se, filed his initial 28 U.S.C. §2255 motion on January 23, 2004. At that time, the instructive case relied upon above, United States v. Perry, had not yet been published. Thus, Mr. De La Pena submits that his double jeopardy claim should be permitted to proceed under the habeas corpus statute, 28 U.S.C. §2241, pursuant to the "Savings Clause" of 28 U.S.C. §2255 ¶5. See Ivy v. Pontesso, 328 F.3d at 1060 ("2255 provides an 'inadequate or ineffective' remedy [and thus petitioner may proceed under 28 U.S.C. §2241, pursuant to the "savings clause"] when the petitioner claims to be: (1) legally innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim")(citing cases). (Quoting Lorentsen v. Hood, 223 F.3d 950, 954 (2000)).

Mr De La Pena is clearly "legally innocent" of the lesser offense. He cannot now successfully file a second §2255 motion. He is procedurally barred because his claim is not based on newly discovered evidence, or a new rule of constitutional law made retroactive on collateral review as is required to file a second motion under §2255 ¶8. Courts have allowed petitions to proceed under §2241 when the defendants has "been convicted on the basis of an incorrect understanding [of the law], and §2255 relief is unavailable to him." United States v. Smith, 285 F.3d 6, 8 (D.C. Cir.2002)

(C)     INEFFECTIVE ASSISTANCE HAS RESULTED IN
MR. DE LA PENA NEVER HAVING AN OPPORTUNITY
TO RAISE THIS ISSUE BY MOTION

Mr De La Pena's trial counsel did not object to the aforementioned multiple convictions for a single offense, nor did his appellate counsel raise the issue on appeal. There was readily available controlling law available at the time of Mr. De La Pena's conviction and direct appeal. See United States v. Kakatin, 214 F.3d 1049, 1051 (9th Cir.2000)("We agree with Defendant, as does the government, that §841(a) is a lesser-included offense of the crime described in §860.")(citing United States v. Freyre-Lazaro, 3 F.3d 1496, 1507 (11th Cir.1993); Schmuck v. United States, 489 US 705, 716 (1989)).

Although the Ninth circuit case mentioned above is arguably mere dicta, and Mr. De La Pena does argue as much for the purpose of whether the double jeopardy caselaw relied upon here is actually a post-conviction judicial interpretation or not, the non-controlling cases cited in Kakatin are clearly not mere dicta and would have been readily available to any diligent legal researcher.

The fact that Mr. De La Pena's former counsel failed to raise the double jeopardy issue discussed above, or the separate statutory violation of multiple convictions for the possession of a single firearm that Mr. De La Pena suffered when he was convicted of both Count V (18 U.S.C. 922(g)(1) -- felon in possession) and Count VI (18 U.S.C 922(g)(3) -- possession of the same .25 caliber pistol by an unlawful drug

user), clearly falls "below an objective standard of reasonableness" that is required to show ineffective assistance of counsel. Strickland v. Washington, 466 US 668, 688 (1984). See United States v. Shea, 211 F.3d 658, 673 (1st Cir.2000)(cert denied 531 US 1154 (2001))(citing cases)("[C]ongress did not intend to inflict multiple punishments where a drug using, former felon possessed a firearm."). Accord United States v. Keen, 104 F.3d 1111, 1120 (9th Cir.1996).

Surely, had counsel apprised himself of the law, Mr. De La Pena would not now stand convicted of 28 U.S.C. §841(a)(1) or 18 U.S.C. §922(g)(3). See People of Territory of Guam v. Torre, 68 F.2d 1177, 1180 (9th Cir.1995)(district court erred in holding that defendant was not prejudiced by counsel's failure to object to multiple convictions even though sentences ran concurrent). Counsel's failure to object to the double jeopardy violation in the present case clearly shows the "reasonable probability" of different outcome required to obtain relief from counsel's unprofessional errors. Strickland, at 694.

The complete oversight on the part of Mr. De La Pena's counsel cannot be construed as any sort of sound strategy that could excuse the failure. See Wiggins v. Smith, 539 US 510, 526 (2003)("The record of the actual [] proceedings underscores the unreasonableness of counsel's conduct by suggesting their failure [] resulted from inattention, not reasoned strategic judgement."). Accord Kimmelman v. Morrison, 477 US 365, 385 (1986)(a mistake made out of ignorance rather than strategy cannot later be

validated as tactically defensible). Counsel's failure to object at trial and/or raise on appeal Mr. De La Pena's double jeopardy/multiple punishment issues is a strategy that no reasonably competent attorney would have adopted under the circumstances. And the result of this ineffectiveness is that Mr. De La Pena has never had his "unobstructed procedural shot" at challenging the unconstitutional convictions for which he is "legally innocent".

(D) RESENTENCING UNDER THE NOW ADVISORY GUIDELINES IS REQUIRED

The double jeopardy violation arising out of Mr. De La Pena's conviction under both §841(a)(1) and §860 cannot be remedied merely because his sentences were ran concurrent. The Supreme Court has noted:

> [t]he second conviction, whose concomitant sentence, is served concurrently, does not evaporate simply because of the concurrence of the sentence.

Rutledge, 517 US at 302 (quoting Ball v. United States, 470 US 856, 864-65 (1985)).

Because the conviction for §841(a)(1) must be vacated, the district court is required to resentence Mr. De La Pena. See United States v. Kincaid, 898 F.2d 110, 112 (9th Cir.1990)(resentencing is required after vacation of any one of multiple convictions or sentences, even if ran concurrently). Accord United States v. Allen, 88 F.3d 765, 768, 772 (9th Cir.1996)(same). Moreover, the United States Sentencing Guidelines are now advisory, thus Mr. De La Pena

has a right to be resentenced under the advisory Guidelines scheme. See <u>United States v. Hicks</u>, 472 F.3d 1167, 1170 (9th Cir.2006)(Guidelines are no longer mandatory in any context, all resentencing must proceed under the advisory, rather than the mandatory, Guidelines scheme, even though the defendant was initially sentenced under the mandatory Guidelines).

III.                    CONCLUSION

Mr. De La Pena's conviction for 21 U.S.C. §841(a)(1) must be vacated and this case must be remanded to the district court of Guam for resentencing under the now advisory Guidelines.

DATED this 16th day of December, 2007

*Isagani De La Pena* (signature)
Isagani De La Pena
Petitioner/Movant
Propria Persona

Isagani De La Pena hereby declares on pain of perjury that he placed copies of the foregoing in the legal mail system at FCI-Victorville I first class or greater postage pre-paid, addressed to:

Clerk's Office
312 N. Spring St.
Los Angeles, CA 90012

U.S. Attorney's Office

312 N. Spring St., 12th Fl.

Los Angeles, CA 90012


__S.A. HOLENCIK__, Warden

Federal Correctional Institution

P.O. Box 5300

Adelanto, CA 92301


                on __12-17-07__, 2007

                *Isagani Dela Pena* (signature)

                Isagani De La Pena
                Petitioner/Movant
                Propria Persona