THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2576
      Facsimile: (213) 894-0141
      E-mail:   eric.vandevelde@usdoj.gov

Attorneys for Respondent
S. A. Holencik

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAGANI DE LA PENA, | ) | No. CV 07-7150-R (AGR) |
| | ) | |
| Petitioner. | ) | GOVERNMENT'S MOTION TO DISMISS |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS PURSUANT TO 28 U.S.C. |
| | ) | § 2241; DECLARATION OF ERIC D. |
| S. A. HOLENCIK, | ) | VANDEVELDE; EXHIBITS |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Respondent, S. A. Holencik, through his attorney of record,
the United States Attorney for the Central District of
California, hereby respectfully moves to dismiss petitioner's
petition for writ of habeas corpus under 28 U.S.C. § 2241.  This
motion is based upon the attached memorandum of points and
//
//
//
//
//

authorities, the records and file in this case, the accompanying

Declaration of Eric D. Vandevelde and exhibits attached thereto,

and such other evidence as may be presented to this Court.

Dated: January 16, 2008        Respectfully submitted,


                               THOMAS P. O'BRIEN
                               United States Attorney

                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division


                               ___/s/_____
                               ERIC D. VANDEVELDE
                               Assistant United States Attorney

                               Attorneys for Respondent
                               S. A. Holencik

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

In May 2001, a jury sitting in the District of Guam convicted petitioner Isagani De La Pena ("petitioner") on all counts of a six-count indictment. The court sentenced petitioner to six concurrent terms of imprisonment, three of which were 365 months in length. Petitioner appealed directly and later filed a motion under 28 U.S.C. § 2255 in the District of Guam. Neither were successful.

Now incarcerated in the Central District of California, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), wherein he attacks the legality of two counts of conviction -- i.e., distribution of methamphetamine and possession of a firearm by a felon. First, he contends that these offenses are lesser included offenses of two other counts of conviction -- i.e., distribution of methamphetamine near a school and possession of a firearm by an unlawful drug user. Second, he contends that he was denied the effective assistance of counsel due to counsel's failure to object to any conviction on a lesser included offense.

The instant Petition should be dismissed for lack of jurisdiction. Petitioner challenges the validity of his convictions and sentence, not the manner in which his sentence is being executed. These claims are not properly before this Court on a motion under § 2241; rather, they must be raised on a motion under § 2255. And the law is clear that the proper venue for a § 2255 motion lies not in the district of incarceration (i.e., this district), but rather the district in which petitioner was

3

convicted and sentenced (i.e., the District of Guam). Moreover, while the "savings clause" of § 2255 permits federal prisoners to resort to § 2241 in the district of incarceration if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention," petitioner cannot show that the savings clause applies here. He is not "actually innocent" of any lesser included offense; nor can he claim never to have had an "unobstructed procedural shot" to challenge his conviction on such an offense.

Accordingly, this Court should dismiss the Petition for lack of jurisdiction.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Conviction in the District of Guam

On November 1, 2000, petitioner was charged by indictment with the following six counts:

(1)   conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1);

(2)   distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1);

(3)   distribution of methamphetamine near a school, in violation of 21 U.S.C. § 860;

(4)   unlawful use of a communication facility to facilitate a drug crime, in violation of 21 U.S.C. § 843(b);

(5)   possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); and

(6)   possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3).

See Decl. of Eric D. Vandevelde, Ex. A (criminal docket from

4

1 <u>United States v. De La Pena</u>, No. CR 00-126 (D. Guam)) at Docket
2 Item No. 1.

3    On May 7, 2001, after a seven day jury trial, a jury
4 convicted petitioner on all counts.  <u>See Id.</u> at Docket Item No.
5 97.

6    On October 9, 2001, petitioner was sentenced to 365 months
7 imprisonment for each of Counts 1-3, 48 months imprisonment for
8 Count 4, and 120 months imprisonment for each of Counts 5-6.  <u>See</u>
9 <u>Id.</u> at 2 & Docket Item No. 114.  All terms of imprisonment were
10 ordered to run concurrently.

11    **B.   Direct Appeal**
12    On November 7, 2001, petitioner filed a notice of appeal.
13 <u>Id.</u> at Docket Item No. 119.  Petitioner challenged the
14 introduction at trial of expert urinalysis testimony, as well as
15 physical evidence obtained from searches of petitioner's house
16 and car.  <u>United States v. De La Pena</u>, 62 Fed. Appx. 754, 755-56
17 (9th Cir. 2003) (unpublished).  He also argued that the
18 prosecution had failed to present sufficient evidence to support
19 a conviction on the conspiracy charge, that his sentence was
20 unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466
21 (2000), and that the district court should have declared a
22 mistrial.  <u>De La Pena</u>, 62 Fed. Appx. at 756-57.  On February 26,
23 2003, the Ninth Circuit affirmed defendant's convictions and
24 sentence in all respects.  <u>Id.</u> at 755-57.

25    **C.   Post-Appeal Collateral Attacks**
26    On January 23, 2004, petitioner filed in the District of
27 Guam a motion under 28 U.S.C. § 2255 to vacate, set aside, or
28 correct his sentence.  <u>See</u> Decl. of Eric D. Vandevelde, Ex. A at

5

Docket Item No. 138.  According to the form accompanying the
instant Petition, petitioner states that this first § 2255 motion
alleged violations of the Speedy Trial Act as well as
petitioner's Fifth Amendment privilege against self-
incrimination.  On July 7, 2005, the district court denied
petitioner's motion.  _Id._ at Docket Item No. 147.

On August 15, 2005, petitioner filed a notice of appeal and
motion for certificate of appealability regarding the denial of
his § 2255 motion.  _See Id._ at Docket Item No. 148.  On March 23,
2006, petitioner filed a motion for "Accelerated Adjudication" of
his earlier motion for certificate of appealability.  _See Id._ at
Docket Item No. 150.  On March 31, 2006, the district court
denied both motions.  _See Id._ at Docket Item No. 152; _see also_
_United States v. De La Pena_, No. CR 00-00126, 2006 WL 860719 (D.
Guam Mar. 31, 2006).  On October 10, 2006, the Ninth Circuit also
denied petitioner's request for a certificate of appealability.
_See_ Decl. of Eric D. Vandevelde, Ex. A at Docket Item No. 155.

D.    **Instant Petition**

On October 31, 2007, petitioner filed the instant Petition
under 28 U.S.C. § 2241 in the Central District of California.
Petitioner presents essentially one argument -- that he was
improperly convicted of two lesser included offenses.
Specifically, he contends that:

1)    Count 2, distribution of methamphetamine (21 U.S.C. §
      841(a)(1)), is a lesser included offense of Count 3,
      distribution of methamphetamine near a school (21
      U.S.C. § 860);

//

6

2)   Count 5, possession of a firearm by a felon (18 U.S.C.
        § 922(g)(1)), is a lesser included offense of Count 6,
        possession of a firearm by an unlawful drug user (18
        U.S.C. § 922(g)(3)); and

3)   competent counsel would have objected to any conviction
        on a lesser included offense.

## III. ARGUMENT

### A.   The Petition Must Be Dismissed Because It Attacks Petitioner's Conviction and Sentence, And § 2255 Is The Proper Vehicle For Such Attacks.

Petitioner seeks to challenge not the manner in which his sentence is being executed, but rather the validity of his convictions and sentence.

It is well settled that a motion under § 2255 is the primary avenue for federal prisoners to attack their sentences and underlying convictions:

An application for a writ of habeas corpus [under 28 U.S.C. § 2241] in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . .

28 U.S.C. § 2255 ¶ 5 (emphasis added); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.")

7

1    A habeas petition under § 2241, by contrast, is designed to
2    "challenge the manner, location, or conditions of a sentence's
3    execution . . . ."  Hernandez v. Campbell, 204 F.3d 861, 864 (9th
4    Cir. 2000) (per curiam).  Here, petitioner is challenging the
5    validity of his convictions and sentence.  Thus, his Petition is
6    properly construed as a motion filed pursuant to 28 U.S.C.
7    § 2255.

8        A motion under § 2255, however, must be brought before the
9    court in the sentencing district.  Hernandez, 204 F.3d at 865.
10   Because petitioner was convicted and sentenced in the District of
11   Guam, his Petition is not properly before the Central District of
12   California and therefore should be dismissed for lack of
13   jurisdiction.

14       B.    Petitioner Has Not Shown That § 2255's "Savings Clause"
15             Applies.

16       While petitions filed under § 2241 are generally not proper
17   to challenge a conviction or sentence, Congress has recognized
18   that there could be some rare instances in which it would be
19   appropriate to allow a district court to exercise its residual
20   power under § 2241 to hear claims of federal prisoners
21   challenging their convictions or sentences.  Accordingly,
22   Congress built into § 2255 a "savings clause" that permits
23   federal prisoners to resort to § 2241 if it "appears that the
24   remedy by motion [under § 2255] is inadequate or ineffective to
25   test the legality of [their] detention." 28 U.S.C. § 2255 ¶ 5;
26   see also United States v. Hayman, 342 U.S. 205, 219 (1952)
27   (affirming the validity of the "savings clause").  The savings
28   clause, however, is to be construed narrowly.  See United States

                                    8

1  v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  The burden is on
2  the petitioner to show that the remedy under § 2255 is
3  "inadequate or ineffective."  See Redfield v. United States, 315
4  F.2d 76, 83 (9th Cir. 1963).

5      Thus, when a federal inmate files a petition that is labeled
6  as being brought pursuant to § 2241, but that actually seeks to
7  attack the legality of his conviction or sentence, the district
8  court must first determine whether it has jurisdiction to
9  entertain the petition by conducting an inquiry into whether the
10 petition falls within the savings clause or whether it properly
11 should be construed as a § 2255 motion.  Hernandez, 204 F.3d at
12 865.

13     In construing an inmate's filing, a district court is not
14 bound by the label given the petition and must look instead to
15 its substance.  See Porter v. Adams, 244 F.3d 1006, 1007 (9th
16 Cir. 2001) (examining gravamen of defendant's claims to determine
17 whether they should have been brought pursuant to § 2241 or
18 § 2255).  The Ninth Circuit has explained that § 2255's savings
19 clause has been reserved for the rare case in which (1) a
20 defendant lacks an "unobstructed procedural shot" to present a
21 claim that (2) he is "actually innocent" of the convicted
22 offense.  See Ivy, 328 F.3d at 1059-61 (emphasis added);
23 Lorentsen, 223 F.3d at 954.

24     Here, petitioner already had the opportunity to challenge
25 his convictions and sentence on the grounds identified in the
26 instant Petition.  Moreover, even assuming he never had that
27 opportunity, petitioner's challenge is not that he is actually
28 //

9

innocent of any of the counts of conviction. Thus, the savings clause does not apply.

### 1. Petitioner Had The Opportunity To Challenge His Convictions Of Any Lesser Included Offenses

Petitioner claims that, at the time he filed his first § 2255 motion (January 2004), he could not have challenged his conviction for distribution of methamphetamine as a lesser included offense of distribution of methamphetamine near a school. He contends that such a challenge became possible only after the District of Rhode Island decision in United States v. Perry, 389 F.Supp.2d 278 (2005) (holding that 21 U.S.C. § 860 includes the lesser offense of 21 U.S.C. § 841(a)(1)). Petitioner's contention that he never had an "unobstructed procedural shot" to make this argument is not true. Indeed, in addition to citing Perry, petitioner goes on to cite earlier Ninth Circuit authority for the same proposition. Specifically, he cites United States v. Kakatin, 214 F.3d 1049, 1051 (9th Cir. 2000) (likewise holding that § 860 includes the lesser offense of § 841(a)(1)). Kakatin was decided **before** petitioner filed his first § 2255 motion, and indeed, **before** defendant was even indicted. Thus, petitioner did have an "unobstructed procedural shot" to challenge his conviction on any lesser included offense.[1]

---

[1] Petitioner cites no authority holding that Count 5, possession of a firearm by a felon (18 U.S.C. § 922(g)(1)), is a lesser included offense of Count 6, possession of a firearm by an unlawful drug user (18 U.S.C. § 922(g)(3)). While separate convictions under different subsections of § 922(g) for the same conduct are improper, the case law so holding likewise pre-dates

10

## 2. Petitioner Does Not Claim "Actual Innocence."

To fall within § 2255's savings clause, petitioner's claim must be one that he is actually innocent of the convicted offense. See Ivy, 328 F.3d at 1059-61 (emphasis added); Lorentsen, 223 F.3d at 954; see also Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restriction on the filing of second or successive habeas petitions."). A habeas petitioner bears the burden of demonstrating his "actual innocence" by a preponderance of the evidence. Lorentsen, 223 F.3d at 954.

Here, petitioner does not argue that he is "actually innocent" of any lesser included offense for which he was convicted. "'[A]ctual innocence' means **factual innocence**, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasis added), and petitioner does not identify any evidence to show he is factually innocent of his conviction for distribution of methamphetamine. Rather, his sole argument, a legal one, is that he is "legally innocent" of any lesser included offense. Petition at 4. Such a claim, however, is not one of actual innocence. Thus, for example, although

---

defendant's convictions. See, e.g., United States v. Shea, 211 F.3d 658, 673 (1st Cir. 2000); United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998); United States v. Winchester, 916 F.2d 601, 606 (11th Cir. 1990); United States v. Munoz-Romo, 989 F.2d 757, 759 (5th Cir. 1993); United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997). Thus, defendant already had a procedural shot to present such a claim.

§ 841(a)(1) may be, in fact, a lesser included offense of § 860, petitioner does not argue that he did not commit that offense or that that offense is no longer a crime. See Poindexter v. Nash, 333 F.3d 372, 381-382 (2d Cir. 2003); see also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

As such, petitioner has failed to show that his Petition falls within the savings clause of § 2255.

**IV.   CONCLUSION**

For the reasons noted above, the Petition should be dismissed in its entirety for lack of jurisdiction.[2/] If this Court denies the government's motion to dismiss, the government respectfully requests that the Court permit the government to submit further briefing on the merits of petitioner's claims.

Dated: January 16, 2008          Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


___/s/_____
ERIC D. VANDEVELDE
Assistant United States Attorney

Attorneys for Respondent
S. A. Holencik

---

[2/]   If Petitioner seeks to pursue this Petition in the District of Guam, he will first need to obtain a certificate of appealability. See Fed. R. App. P. 22(b).

10

## DECLARATION OF ERIC D. VANDEVELDE

I, ERIC D. VANDEVELDE, declare as follows:

1.    I have personal knowledge of the following facts.  If called and sworn as a witness, I could and would competently testify to these facts.

2.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I have been designated as counsel in the matter entitled <u>Isagani De Le Pena v. S. A. Holencik</u>, No. CV 07-7150-R (AGR).  This declaration is made in support of the government's motion to dismiss.

3.    Attached hereto as Exhibit A is a true and correct copy of the criminal docket, as of January 9, 2008, in <u>United States v. De La Pena</u>, No. CR 00-126, from the District of Guam.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California, on January 16, 2008.

ERIC D.  VANDEVELDE
Assistant United States Attorney

**Exhibit A**

CLOSED

## Civil/Criminal CM/ECF System
## District Court of Guam (Hagatna)
## CRIMINAL DOCKET FOR CASE #: 1:00-cr-00126 All Defendants

Case title: USA v. Dela Pena

Date Filed: 11/01/2000
Date Terminated: 10/22/2001

Assigned to: John S. Unpingco

**Defendant**

**Isagani P. Dela Pena, JR.** (1)
*TERMINATED: 10/22/2001*
*also known as*
Gani (1)
*TERMINATED: 10/22/2001*
*also known as*
Egan (1)
*TERMINATED: 10/22/2001*

represented by **Curtis Charles Van de veld**
The Vandeveld Law Offices, P.C.
Second Floor, Historical Bldg.
123 Hernan Cortes Avenue
Hagatna, GU 96910
671-477-2020
Fax: 671-472-2561
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Gerald E. Gray**
Attorney At Law
213 Buena Vista Avenue
Suite 202
Dededo, GU 96929-
671-637-9620/1
Fax: 671-637-9660
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jehan'ad G. Martinez**
Blair Sterling Johnson
Martinez and Leon Guerrero, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagatna, GU 96910-5205
671-477-7857
Fax: 671-472-4290
Email: jgmartinez@kbsjlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Rawlen M.T. Mantanona**
Cabot Mantanona LLP
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, GU 96913
671-646-2001
Fax: 671-646-0777
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: CJA Appointment*

**Sandra Darlene Lynch**
Attorney At Law
1628 Aloha Avenue
Pearl City, HI 96782-
808-393-1779
Fax: 808-456-4708
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William C. Bischoff**
Office of the Attorney General
120 W. O'Brien Drive
Hagatna, GU 96910
671-475-3324
Fax: 671-472-2493
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO DISTRIBUTE
METHAMPHETAMINE HYDROCHLORIDE
(1)

DISTRIBUTION OF METHAMPHETAMINE
HYDROCHLORIDE
(2)

DISTRIBUTION OF METHAMPHETAMINE
HYDROCHLORIDE NEAR A
PLAYGROUND
(3)

UNLAWFUL USE OF COMMUNICATION
FACILITY TO FACILITATE DRUG CRIME
(4)

POSSESSION OF A FIREARM BY A FELON
(5)

POSSESSION OF A FIREARM BY AN
UNLAWFUL DRUG USER
(6)

**Disposition**

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120
months. All these terms of imprisonment are to
be served concurrently.

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120
months. All these terms of imprisonment are to
be served concurrently.

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120
months. All these terms of imprisonment are to
be served concurrently.

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120
months. All these terms of imprisonment are to
be served concurrently.

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120
months. All these terms of imprisonment are to
be served concurrently.

Defendant shall serve a term of 365 months for
Counts 1, 2, and 3. For Count 4, defendant shall
serve a term of 48 months and for Counts 5 and
6, the defendant shall serve a term of 120

months. All these terms of imprisonment are to
be served concurr ently.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                                          **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                                 **Disposition**
None

**Plaintiff**
USA                                            represented by   **Marivic P. David**
                                                               Office of the U.S. Attorney
                                                               Suite 500, Sirena Plaza
                                                               108 Hernan Cortez Street
                                                               Hagatna, GU 96910
                                                               671-472-7332/72
                                                               Fax: 671-472-7334
                                                               Email: marivic.david@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2000 | 1 | INDICTMENT - Summons issd & hrg set for 11/09/00 at 9:30 a.m.; [RMM EOD 11/02/2000] (ORIGINAL GCMS ENTRY 1-1) (cnv) (Entered: 11/01/2000) |
| 11/03/2000 | 2 | APPLICATION & Ord to Seal Rec; [RMM EOD 11/06/2000] (ORIGINAL GCMS ENTRY 2-1) (cnv) (Entered: 11/03/2000) |
| 11/09/2000 | 3 | MINUTE ENTRY - Initial Appearance/Arraignment - DFT enters plea of Not Guilty. Trial set for 01/11/01 - 9:30 a.m. DFT remanded to custody of U.S. Marshals; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 3-1) (cnv) (Entered: 11/09/2000) |
| 11/13/2000 | 4 | ORDER - Jehan'ad Martinez apptd to rep t/DFT; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 4-1) (cnv) (Entered: 11/13/2000) |
| 11/13/2000 | 5 | ORDER - Trial set for 01/11/01 - 9:30 a.m. P/T mtns due NLT 11/30/00 & hrd on 12/21/00 - 1:30 p.m. Trial docs due NLT 01/04/01; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 5-1) (cnv) (Entered: 11/13/2000) |
| 11/17/2000 | 6 | RETURN Of Summons In A Crim Case - exec 11/09/00; [RSN EOD 11/17/2000] (ORIGINAL GCMS ENTRY 6-1) (cnv) (Entered: 11/17/2000) |
| 11/20/2000 | 7 | SUBSTITUTION of Cnsl & Ord - Gerald E. Gray retained as cnsl of rec for DFT; [MBA EOD 11/20/2000] (ORIGINAL GCMS ENTRY 7-1) (cnv) (Entered: 11/20/2000) |
| 11/30/2000 | 8 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 8-1) (cnv) (Entered: 11/30/2000) |

| | | |
|---|---|---|
| 11/30/2000 | 10 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 9-1) (cnv) (Entered: 11/30/2000) |
| 11/30/2000 | 12 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 10-1) (cnv) (Entered: 11/30/2000) |
| 11/30/2000 | 14 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 11-1) (cnv) (Entered: 11/30/2000) |
| 11/30/2000 | 16 | AFFIDAVIT in Supt of Mtn for Return of Property ; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 12-1) (cnv) (Entered: 11/30/2000) |
| 12/01/2000 | 9 | MOTION for Discovery & Inspection - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 8-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 11 | MOTION for Statement of Govt's Intention to Use Evidence - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 9-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 13 | MOTION to Suppress - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 10-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 15 | MOTION for Return of Property - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 11-2) (cnv) (Entered: 12/01/2000) |
| 12/04/2000 | 17 | NOTICE of Mtn; [MBA EOD 12/06/2000] (ORIGINAL GCMS ENTRY 13-1) (cnv) (Entered: 12/04/2000) |
| 12/04/2000 | 18 | MOTION for P/T Conf -; [MBA EOD 12/06/2000] (ORIGINAL GCMS ENTRY 13-2) (cnv) (Entered: 12/04/2000) |
| 12/14/2000 | 19 | STIPULATED Reqt for Cont of Mtns Hrg Date; [MBA EOD 12/14/2000] (ORIGINAL GCMS ENTRY 14-1) (cnv) (Entered: 12/14/2000) |
| 12/18/2000 | 20 | ORDER re rescheduling of p/t mtns hrg date. Mtns hrg resched to 01/19/01 - 1:30 p.m.; [MBA EOD 12/19/2000] (ORIGINAL GCMS ENTRY 15-1) (cnv) (Entered: 12/18/2000) |
| 12/20/2000 | 21 | SUPERSEDING Indict - Sumns issd. Hrg set for 12/22/00 - 10:00 a.m.; [MBA EOD 12/20/2000] (ORIGINAL GCMS ENTRY 16-1) (cnv) (Entered: 12/20/2000) |
| 12/22/2000 | 22 | MINUTE ENTRY - Initial Appearance re Superseding Indictment - DFT enters plea of Not Guilty. Trial set for 01/11/01 - 9:30 a.m. DFT remanded to custody of U.S. Marshals; [MBA EOD 12/26/2000] (ORIGINAL GCMS ENTRY 17-1) (cnv) (Entered: 12/22/2000) |
| 12/27/2000 | 23 | STIPULATION for continuance of trial and order. Trial is now set for 2/8/01 at 9:30 a.m. ; Filed by: DFT Sealed [PTC EOD 01/03/2001] (ORIGINAL GCMS ENTRY 18-1) (cnv) (Entered: 12/27/2000) |
| 01/17/2001 | 24 | GOVERNMENT'S Response to DFT's Mtn to Suppress; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 19-1) (cnv) (Entered: 01/17/2001) |
| 01/17/2001 | 25 | GOVERNMENT'S Response to DFT's Mtns for Discovery & Inspection; & for Statement of Govt's Intention to Use Evidence; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 20-1) (cnv) (Entered: 01/17/2001) |
| 01/17/2001 | 26 | GOVERNMENT'S Response to DFT's Mtn for Return of Property; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 21-1) (cnv) (Entered: 01/17/2001) |
| 01/19/2001 | 27 | STIPULATION for Cont of Mtn for Discovery & Inspection; Mtn for Statement of Govt's Intention to Use Evidence; Mtn to Suppress; and Mtn for Return of Property; & Ord - Mtns reset to 02/01/01 - 2:00 p.m. ; [MBA EOD 01/19/2001] (ORIGINAL GCMS ENTRY 22-1) (cnv) (Entered: 01/19/2001) |

| 01/26/2001 | 28 | RETURN of Sumns in a Cr Cs - Exec 12/21/00; [MBA EOD 01/26/2001] (ORIGINAL GCMS ENTRY 23-1) (cnv) (Entered: 01/26/2001) |
| 01/31/2001 | 29 | STIPULATION to Ext Deadline for Flg Pre-Trial Mot & Mot Hrg; and to Cont Pending Mot for Disc & Inspection; Mot for Statement of Govt's Intention to Use Evidence; Mot to Suppress; and Mot for Ret of Property; & Ord. Pretrial mot ext to 02/16/01. Pretrial mot reset to Thurs, 02/22/01 at 3:30 p.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 24-1) (cnv) (Entered: 01/31/2001) |
| 01/31/2001 | 30 | STIPULATION for Cont of Trial & Ord. Trial set for 02/08/01 cont'd to 03/08/01 at 9:30 a.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 25-1) (cnv) (Entered: 01/31/2001) |
| 01/31/2001 | 31 | SUPERSEDING Indict. Sumns issd. Hrg set for 02/05/01 at 1:30 p.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 26-1) (cnv) (Entered: 01/31/2001) |
| 02/05/2001 | 32 | MINUTE ENTRY - Arraignment - DFT enters plea of Not Guilty on Superseding Indict. Trial set for 03/08/01 - 9:30 a.m. Cs unsealed. DFT remanded to custody of U.S. Marshals; [MBA EOD 02/06/2001] (ORIGINAL GCMS ENTRY 27-1) (cnv) (Entered: 02/05/2001) |
| 02/06/2001 | 33 | MOTION & Ord to Unseal Rec; [MBA EOD 02/06/2001] (ORIGINAL GCMS ENTRY 28-1) (cnv) (Entered: 02/06/2001) |
| 02/14/2001 | 34 | RETURN of sumns in a Cr Cs - Exec 02/05/01; [MBA EOD 02/15/2001] (ORIGINAL GCMS ENTRY 29-1) (cnv) (Entered: 02/14/2001) |
| 02/20/2001 | 35 | MOTION To Withdraw ; [LRH EOD 02/21/2001] (ORIGINAL GCMS ENTRY 30-1) (cnv) (Entered: 02/20/2001) |
| 02/22/2001 | 36 | MINUTE ENTRY - Motion for Return of Property, Motion for Discovery & Inspection, Motion for Statement of Gov'ts Intention to Use Evidence, Motion to Suppress - Mtns argued by Gov't & DFT. Mtn for Ret of Prop - DENIED. Mtn to Suppress - DENIED. Mtn for Disc & Insp - WITHDRAWN. Mtn for Stmnt of Govt's Intention to Use Evidence - WITHDRAWN. DFT rem to t/cust of USMS; [LRH EOD 02/23/2001] (ORIGINAL GCMS ENTRY 31-1) (cnv) (Entered: 02/22/2001) |
| 02/26/2001 | 37 | ORDER - Jehan'Ad G. Martinez apptd to rep t/DFT nunc pro tunc to 11/07/00; [LRH EOD 02/26/2001] (ORIGINAL GCMS ENTRY 32-1) (cnv) (Entered: 02/26/2001) |
| 02/27/2001 | 38 | GOVERNMENT'S Req for Use of Ct's Equip & Ord; [LRH EOD 02/27/2001] (ORIGINAL GCMS ENTRY 33-1) (cnv) (Entered: 02/27/2001) |
| 02/28/2001 | 39 | ORDER - Gerald E. Gray, is hereby granted lv to withdraw as cnsl for DFT. Curtis Van de Veld is hereby apptd to rep t/DFT; [MBA EOD 02/28/2001] (ORIGINAL GCMS ENTRY 34-1) (cnv) (Entered: 02/28/2001) |
| 03/05/2001 | 40 | MOTION to Withdraw as Cnsl; [LRH EOD 03/05/2001] (ORIGINAL GCMS ENTRY 35-1) (cnv) (Entered: 03/05/2001) |
| 03/05/2001 | 41 | DECLARATION in Support of Mtn to Withdraw as Cnsl; [LRH EOD 03/05/2001] (ORIGINAL GCMS ENTRY 36-1) (cnv) (Entered: 03/05/2001) |
| 03/06/2001 | 42 | ORDER Approving Withdrawal & Appt of Cnsl - William C. Bischoff appt to rep t/DFT; [LRH EOD 03/06/2001] (ORIGINAL GCMS ENTRY 37-1) (cnv) (Entered: 03/06/2001) |
| 03/07/2001 | 43 | MOTION to Cont Trial Date; Ord - Trial cont to 04/09/01 - 9:30 a.m.; [LRH EOD 03/07/2001] (ORIGINAL GCMS ENTRY 38-1) (cnv) (Entered: 03/07/2001) |
| 03/14/2001 | 44 | MOTION to Withdraw as Cnsl; Ord - Jehan'ad G. Martinez apptd to rep t/DFT; [LRH EOD 03/14/2001] (ORIGINAL GCMS ENTRY 39-1) (cnv) (Entered: 03/14/2001) |
| 04/02/2001 | 45 | UNITED States' Proposed Voir Dire Questions; [LRH EOD 04/03/2001] (ORIGINAL |

|  |  | GCMS ENTRY 40-1) (cnv) (Entered: 04/02/2001) |
|---|---|---|
| 04/02/2001 | 46 | UNITED States' Proposed Jry Instructions; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 41-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 47 | UNITED States' Exh List; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 42-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 48 | WITNESS List; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 43-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 49 | UNITED States' Proposed Verdict Form; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 44-1) (cnv) (Entered: 04/02/2001) |
| 04/03/2001 | 50 | ORDER - P/T conf set for 04/05/01 - 1:30 p.m.; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 45-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 51 | GOVERNMENT'S In Limine Mtn to Resolve Before Trial Certain Issues Re to Tape Recordings, Its Translations, & Transc of Recordings; & Proposed Ord; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 46-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 52 | DEFENDANT'S Proposed Jry Instructions; Cert of Svcs; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 47-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 53 | DEFENDANT'S Exh List; Cert of Svcs; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 48-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 54 | AMENDED DFT's Exhs List; Cert of Svcs; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 49-1) (cnv) (Entered: 04/03/2001) |
| 04/04/2001 | 55 | UNITED States' Mtn to Rel GJ Transc; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 50-1) (cnv) (Entered: 04/04/2001) |
| 04/04/2001 | 56 | ORDER Rel GJ Transc; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 51-1) (cnv) (Entered: 04/04/2001) |
| 04/04/2001 | 57 | GOVERNMENT'S Req for use of Crt's Equip; & Ord; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 52-1) (cnv) (Entered: 04/04/2001) |
| 04/05/2001 | 58 | MINUTE ENTRY - Pretrial Conference - Ct & cnsl go over possibilities of stips. Opening stmts - 40 mins. ea side/2 alt jurors/2 alt jurors to be identified; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 53-1) (cnv) (Entered: 04/05/2001) |
| 04/06/2001 | 59 | DEFENDANT'S Proposed Transcriptions of t/Govt's Exh Nos. 1, 3, 5, 7, 9, 11, 13 & 74; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 54-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 60 | UNITED States Subm Jencks Materials; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 55-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 61 | AMENDED Witness List; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 56-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 62 | UNITED States' Amd Exh List; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 57-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 63 | ORDER TO SHOW CAUSE - Def cnsl is ORD to show cause why he should not be sanctioned or held in contempt for failing to abide by this Ct's 04/05/01 ord. A hrg on OSC shall be held 04/09/01 at 8:00 a.m.; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 58-1) (cnv) (Entered: 04/06/2001) |
| 04/09/2001 | 64 | MINUTE ENTRY - Order to Show Cause - Crt gives Mr. Austin an oral warning P/T cont'd to 04/24/01 - 3:00 p.m. Deft remanded to t/cust of USMS; [MBA EOD 04/09/2001] (ORIGINAL GCMS ENTRY 59-1) (cnv) (Entered: 04/09/2001) |

| 04/09/2001 | 65 | MINUTE ENTRY - Jury Trial, 1st Day - Jury voir dire begins. Jurors admonished. Trial cont'd to 04/25/01 - 10:00 a.m. Deft remanded to t/cust of USMS; [MBA EOD 04/09/2001] (ORIGINAL GCMS ENTRY 60-1) (cnv) (Entered: 04/09/2001) |
| 04/09/2001 | 66 | TRANSCRIPT Ord; [LRH EOD 04/10/2001] (ORIGINAL GCMS ENTRY 61-1) (cnv) (Entered: 04/09/2001) |
| 04/10/2001 | 67 | ORDER - P/T Conf mvd to Fri, 04/20/01 - 1:00 p.m.; [LRH EOD 04/10/2001] (ORIGINAL GCMS ENTRY 62-1) (cnv) (Entered: 04/10/2001) |
| 04/16/2001 | 68 | REPORTER'S Transc of t/fol: (orig only) 1. Ord To Show Cause Hrg, dtd Mon., 04/9/01; [LRH EOD 04/17/2001] (ORIGINAL GCMS ENTRY 63-1) (cnv) (Entered: 04/16/2001) |
| 04/19/2001 | 69 | UNITED States' Subm of Addt'l Jencks Materials; [MBA EOD 04/19/2001] (ORIGINAL GCMS ENTRY 64-1) (cnv) (Entered: 04/19/2001) |
| 04/20/2001 | 70 | UNITED States' Suppl & Revised Exh; [LRH EOD 04/20/2001] (ORIGINAL GCMS ENTRY 65-1) (cnv) (Entered: 04/20/2001) |
| 04/20/2001 | 71 | MINUTE ENTRY - Pre-Trial Conference - Govt anticipates 4 days of trial. Interp to be made avail. Trial to resume on 04/25/01 - 10:00 a.m.; [LRH EOD 04/20/2001] (ORIGINAL GCMS ENTRY 66-1) (cnv) (Entered: 04/20/2001) |
| 04/24/2001 | 72 | UNITED States' Subm of Addt'l Jencks Material; [LRH EOD 04/24/2001] (ORIGINAL GCMS ENTRY 67-1) (cnv) (Entered: 04/24/2001) |
| 04/24/2001 | 73 | UNITED States' Amd Exh List; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 68-1) (cnv) (Entered: 04/24/2001) |
| 04/25/2001 | 74 | STIPULATION & Ord Regarding Prior Felony Conviction; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 69-1) (cnv) (Entered: 04/25/2001) |
| 04/25/2001 | 75 | STIPULATION & Ord Regarding Adm of Evid; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 70-1) (cnv) (Entered: 04/25/2001) |
| 04/25/2001 | 76 | MINUTE ENTRY - Jury Trial, 2nd Day - Jury impanelled & sworn. Jurors excused & instruc to rpt 04/26/01 - 9:30 a.m. Deft rem to cust of USMS; [MBA EOD 04/30/2001] (ORIGINAL GCMS ENTRY 71-1) (cnv) (Entered: 04/25/2001) |
| 04/26/2001 | 77 | MINUTE ENTRY - Jury Trial 3rd Day. Prelim instructions given. Witnesses and exhibits admitted. Jurors admonished and instructed to return 4/30/01 at 9 a.m. Deft. remanded to custody.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 71a-1) (cnv) (Entered: 04/26/2001) |
| 04/30/2001 | 78 | MINUTE ENTRY - Jury Trial Day 4. Witnesses and exhibits admitted. Trial contd to 5/1/01 at 9 a.m. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 71b-1) (cnv) (Entered: 04/30/2001) |
| 05/01/2001 | 79 | ORDER to Rel Info re Req to Rel P/T Svcs Rpt & Drug Testing Form; [LRH EOD 05/01/2001] (ORIGINAL GCMS ENTRY 72-1) (cnv) (Entered: 05/01/2001) |
| 05/01/2001 | 80 | MINUTE ENTRY - Jury Trial Day 5. Witnesses sworn and examined. Exhibits marked and admitted. Trial contd. to 5/2/01 at 9:00 a.m. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 72a-1) (cnv) (Entered: 05/01/2001) |
| 05/02/2001 | 81 | MOTION in Limine; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 73-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 82 | MOTION in Limine; Amd Cert of Svc; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 74-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 83 | PROPOSED Instruction; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 75-1) (cnv) (Entered: 05/02/2001) |

| 05/02/2001 | 84 | UNITED States' Amd Proposed Verdict Form; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 76-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 85 | DEFENDANT'S Proposed Jury Instructions; Oppo to Various Govt Instructions; Cert of Svc; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 77-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 86 | MINUTE ENTRY - Jury Trial Day 6. Witness sworn and examined. Exhibits marked and admitted. Trial contd. to 5/3/01 at 10AM. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 78-1) (cnv) (Entered: 05/02/2001) |
| 05/03/2001 | 87 | JURY Instructions as Given by t/Crt; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 79-1) (cnv) (Entered: 05/03/2001) |
| 05/03/2001 | 88 | MINUTE ENTRY - Jury Trial Day 7 - Mtn for judgt of acquittal - Denied. Cs contd to 05/04/01 - 9:00 a.m. Jury retires to deliberate at 3:37 p.m. Jury deliberation contd to 05/04/01 - Jury will be polled. Deft rem to cust ; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 80-1) (cnv) (Entered: 05/03/2001) |
| 05/03/2001 | 89 | JUROR'S Notes; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 81-1) (cnv) (Entered: 05/03/2001) |
| 05/04/2001 | 90 | MINUTE ENTRY - Jury Trial (re Jury Question) - Ernesto Peredo explains to Crt & cnsl what happened during phone call recd. Mr. E. Peredo excused. Pilar Concepcion brought in room & questioned re conversation w/ E. Peredo. Pilar Concepcion excused. 10:05 a.m. - 10:24 a.m. recess; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 82-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 91 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 83-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 92 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 84-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 93 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 85-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 94 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 86-1) (cnv) (Entered: 05/04/2001) |
| 05/07/2001 | 95 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 87-1) (cnv) (Entered: 05/07/2001) |
| 05/07/2001 | 96 | VERDICT; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 88-1) (cnv) (Entered: 05/07/2001) |
| 05/07/2001 | 97 | MINUTE ENTRY - Jury Trial Day 8 - Jry returns at 2:30 p.m. - Deft Guilty on cts 1-6; Jry polled. Deft rem to cust. Case contd to 08/23/01 - 1:30 p.m. for sent; PSR due 07/20/01.; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 89-1) (cnv) (Entered: 05/07/2001) |
| 05/08/2001 | 98 | ABSTRACT of Ord for USPO; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 90-1) (cnv) (Entered: 05/08/2001) |
| 08/02/2001 | 99 | DEFENDANT'S Resp to PSI Rpt; [LRH EOD 08/03/2001] (ORIGINAL GCMS ENTRY 91-1) (cnv) (Entered: 08/02/2001) |
| 08/07/2001 | 100 | ORDER - Sent mvd to Thurs., 08/30/01 - 1:30 p.m.; [LRH EOD 08/17/2001] (ORIGINAL GCMS ENTRY 91A-1) (cnv) (Entered: 08/07/2001) |
| 08/09/2001 | 101 | ORDER - Sent mvd to Thurs., 08/30/01 - 1:30 p.m.; [LRH EOD 08/09/2001] (ORIGINAL GCMS ENTRY 92-1) (cnv) (Entered: 08/09/2001) |
| 08/10/2001 | 102 | GOVERNMENT'S Resp to Draft PSI Rpt; [LRH EOD 08/10/2001] (ORIGINAL |

| | | GCMS ENTRY 93-1) (cnv) (Entered: 08/10/2001) |
|---|---|---|
| 08/10/2001 | 103 | GOVERNMENT'S Resp to Deft's Obj to PSI Rpt; [LRH EOD 08/10/2001] (ORIGINAL GCMS ENTRY 94-1) (cnv) (Entered: 08/10/2001) |
| 08/22/2001 | 104 | ORDER - due to the scheduling needs of the court, the 08/30/01 sentencing hrg is hereby moved to 9/6/01 at 4 p.m.; Filed by: GOVPTF U.S.A. [LRH EOD 08/22/2001] (ORIGINAL GCMS ENTRY 95-1) (cnv) (Entered: 08/22/2001) |
| 08/28/2001 | 105 | DEFENDANT'S Resp to Addendum to PSR; [MBA EOD 08/28/2001] (ORIGINAL GCMS ENTRY 96-1) (cnv) (Entered: 08/28/2001) |
| 09/06/2001 | 106 | DEFENDANT'S Supp Sent Brief; [LRH EOD 09/07/2001] (ORIGINAL GCMS ENTRY 97-1) (cnv) (Entered: 09/06/2001) |
| 09/07/2001 | 107 | STIPULATION to Cont Sent Hrg; & Ord - Sent contd to 09/13/01 - 4:00 p.m.; [LRH EOD 09/07/2001] (ORIGINAL GCMS ENTRY 98-1) (cnv) (Entered: 09/07/2001) |
| 09/11/2001 | 108 | GOVERNMENT'S Resp to Deft's Supplmtl Sent Brf; [MBA EOD 09/11/2001] (ORIGINAL GCMS ENTRY 99-1) (cnv) (Entered: 09/11/2001) |
| 09/13/2001 | 109 | ORDER - Sent mvd to 09/14/01 - 9:00 a.m.; [WMT EOD 09/13/2001] (ORIGINAL GCMS ENTRY 100-1) (cnv) (Entered: 09/13/2001) |
| 09/17/2001 | 110 | ORDER - Sent moved to 10/09/01 - 1:30 p.m. Cnsl shall file, NLT 09/24/01, further brfng on t/implications of recent 9th Cir decision. Resp brfds may be submitted NLT 10/01/01; [MBA EOD 09/17/2001] (ORIGINAL GCMS ENTRY 101-1) (cnv) (Entered: 09/17/2001) |
| 09/20/2001 | 111 | GOERNMENT'S Addt'l Resp to Deft's Supplmtl Sent Brf; [MBA EOD 09/20/2001] (ORIGINAL GCMS ENTRY 102-1) (cnv) (Entered: 09/20/2001) |
| 09/24/2001 | 112 | DEFENDANT'S Addt'l Sent Brf re Apprendi & Buckland Iss; [MBA EOD 09/24/2001] (ORIGINAL GCMS ENTRY 103-1) (cnv) (Entered: 09/24/2001) |
| 10/09/2001 | 113 | STIPULATION & Ord re Sent - DENIED; [MBA EOD 10/10/2001] (ORIGINAL GCMS ENTRY 104-1) (cnv) (Entered: 10/09/2001) |
| 10/09/2001 | 114 | MINUTE ENTRY - Sentencing - Deft sent to 365 mos. impris to run concurrent to Cts 1 thru 6; Ct 1 - 5 yrs, Ct 2 - 5 yrs, Ct 3 - 5 yrs, Ct 4 - 1 yr, Ct 5 - 3 yrs, Ct 6 - 3 yrs suprvd rel (to run concurrent); 400 hrs. community svcs; $600.00 SA; fine waived. Deft ord rem for immediate incarceration; [MBA EOD 10/15/2001] (ORIGINAL GCMS ENTRY 104A-1) (cnv) (Entered: 10/09/2001) |
| 10/12/2001 | 115 | MOTION for Withdrawal as Cnsl - Jehan'Ad Martinez withdraw as cnsl for deft. Rawlen M. Mantanona apptd to rep t/deft for appl purposes; [MBA EOD 10/15/2001] (ORIGINAL GCMS ENTRY 105-1) (cnv) (Entered: 10/12/2001) |
| 10/19/2001 | 116 | NOTICE of Mtn; [MBA EOD 10/19/2001] (ORIGINAL GCMS ENTRY 106-1) (cnv) (Entered: 10/19/2001) |
| 10/19/2001 | 117 | MOTION to Withdraw as Cnsl for Deft on Appl - Sandra Lynch apptd to rep t/deft; [MBA EOD 10/19/2001] (ORIGINAL GCMS ENTRY 106-2) (cnv) (Entered: 10/19/2001) |
| 10/22/2001 | 118 | JUDGMENT in a Cr Cs; [MBA EOD 10/22/2001] (ORIGINAL GCMS ENTRY 107-1) (cnv) (Entered: 10/22/2001) |
| 11/07/2001 | 119 | NOTICE of Appeal; Filed by: DFT Dela Pena, Isagani P., Jr. [PTC EOD 11/08/2001] (ORIGINAL GCMS ENTRY 108-1) (cnv) (Entered: 11/07/2001) |
| 11/19/2001 | 120 | NOTICE of Lien for Fine and/or Restit; [MBA EOD 11/19/2001] (ORIGINAL GCMS ENTRY 109-1) (cnv) (Entered: 11/19/2001) |

| 11/28/2001 | 121 | TRANSCRIPT Ord; [MBA EOD 11/28/2001] (ORIGINAL GCMS ENTRY 110-1) (cnv) (Entered: 11/28/2001) |
|---|---|---|
| 12/03/2001 | 122 | MOTION to Extend Time for Flg Not of Appl; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 111-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 123 | DECLARATION of Cnsl in Supt of Mtn to Extend Time for Flg of Not of Appl; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 112-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 124 | AFFIDAVIT of Noel V. Leon Guerrero; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 113-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 125 | AFFIDAVIT of Jay Anderson; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 114-1) (cnv) (Entered: 12/03/2001) |
| 12/10/2001 | 126 | ORDER - Deft's Mtn to Extend Time for Flg Ntc of Appeal fld on 12/3/01. Deft Appealed his conviction & sent to t/Ninth Circuit of Appeals. Crt must Dism t/deft's mtn at this time on t/basis that this crt lacks jurisdiction over t/matter; [WMT EOD 12/10/2001] (ORIGINAL GCMS ENTRY 115-1) (cnv) (Entered: 12/10/2001) |
| 02/11/2002 | 127 | ORDER from t/Crt of Appeals - CA#01-10671 - Cs is rem to t/Dist Crt, pursuant to circuit crt policy, for t/ltd purpose of permitting t/dist crt to provide appellant ntc & an opportunity to req that t/time for flg t/ntc of appeal be extended for a period not to exceed 40 days from t/entry of t/appealable judgt or ord based on a showing of excusable neglect; [RMM EOD 02/12/2002] (ORIGINAL GCMS ENTRY 116-1) (cnv) (Entered: 02/11/2002) |
| 02/14/2002 | 128 | ORDER - This matter is before t/Crt on a mandate from 9th Cir Ct rem t/case back in ord to provide t/deft not & an opportunity to reqt that t/time for flg t/not of appl be extended for a period not to exceed 40 days frm the entry of t/appl judgt based on a showing of excusable neglect. Accordingly, t/deft shall file such a reqt NLT 02/21/02. T/Govt shall file a resp to t/reqt NLT 02/22/02. Thereafter, t/Crt will issue its findings w/o further hrg; [MBA EOD 02/14/2002] (ORIGINAL GCMS ENTRY 117-1) (cnv) (Entered: 02/14/2002) |
| 02/14/2002 | 129 | REPORTER'S Transc of t/fol: (orig + 1 cpy) 1. Mtns., dtd Thurs., 02/22/01 2. OSC, dtd Mon., 04/09/01 3. Trial - Jury Selection, dtd Mon., 04/09/01 & 04/25/01 - Vol 1 4. Trial, dtd 04/26/01 - Vol 2 5. Trial, dtd 04/30/01 - Vol 3; [MBA EOD 02/14/2002] (ORIGINAL GCMS ENTRY 118-1) (cnv) (Entered: 02/14/2002) |
| 02/20/2002 | 130 | MOTION to Extend time for Filing Not of Appl; [MBA EOD 02/21/2002] (ORIGINAL GCMS ENTRY 119-1) (cnv) (Entered: 02/20/2002) |
| 02/22/2002 | 131 | GOVERNMENT'S Oppo to Deft's Mtn to Ext Time for Flg Not of Appl; [MBA EOD 02/22/2002] (ORIGINAL GCMS ENTRY 120-1) (cnv) (Entered: 02/22/2002) |
| 02/25/2002 | 132 | REPLY to Oppo to Mtn to Ext Time for Flg of Ntc of Appl; [MBA EOD 02/25/2002] (ORIGINAL GCMS ENTRY 121-1) (cnv) (Entered: 02/25/2002) |
| 02/28/2002 | 133 | ORDER - T/Crt finds t/existence of excusable neglect for t/Deft's untimely Ntc of Appl. Accordingly, t/Deft's Mtn to Extend Time for Filing t/Ntc of Appl is hereby GRANTED; [MBA EOD 02/28/2002] (ORIGINAL GCMS ENTRY 122-1) (cnv) (Entered: 02/28/2002) |
| 03/29/2002 | 134 | REPORTER'S Transc(s) of t/fol: (orig + 1 cpy) 1. Trial Transcript, dtd Tues., 05/01/01 - Vol 4 2. Trial Transcript, dtd Wed., 05/02/01 - Vol 5 3. Trial Transcript, dtd Thurs., 05/03/01; Fri., 05/04/01; Mon, 05/07/01 4. Sent Hrg., Tues., 10/09/01; [MBA EOD 03/29/2002] (ORIGINAL GCMS ENTRY 123-1) (cnv) (Entered: 03/29/2002) |
| 07/23/2002 | 135 | ACKNOWLEGEMENT of Receipt of Exhs; [MBA EOD 07/23/2002] (ORIGINAL GCMS ENTRY 124-1) (cnv) (Entered: 07/23/2002) |
| 03/25/2003 | 136 | MANDATE fm 9th Cir Crt - AFFIRMED; [MBA EOD 03/25/2003] (ORIGINAL |

| | | |
|---|---|---|
| | | GCMS ENTRY 125-1) (cnv) (Entered: 03/25/2003) |
| 11/21/2003 | 137 | TRANSCRIPT Ord; [MBA EOD 11/21/2003] (ORIGINAL GCMS ENTRY 126-1) (cnv) (Entered: 11/21/2003) |
| 01/23/2004 | 138 | MOTION Under 28 USC 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; [MBA EOD 01/23/2004] (ORIGINAL GCMS ENTRY 127-1) (cnv) (Entered: 01/23/2004) |
| 02/06/2004 | 139 | REPORTER'S Transc of t/fol: (orig only) 1. Opening & Closing Stmts, 04/26/01 & 05/03/01; [LRH EOD 02/08/2004] (ORIGINAL GCMS ENTRY 128-1) (cnv) (Entered: 02/06/2004) |
| 02/06/2004 | 140 | ORDER - t/Crt is in rcpt of Deft-Petr Isagani Dela Pena Jr's mtn for relief under 28 USC 2255. T/Govt shall have until 03/05/04, in which to file a resp to t/mtn. If a resp is recd, t/Petr shall have 30 days from receipt of t/ U.S. resp in which to file a reply. If t/Crt finds that a hrg is necessary on Petr 2255 mtn, a hrg date will be set at a later date.; [LRH EOD 02/08/2004] (ORIGINAL GCMS ENTRY 129-1) (cnv) (Entered: 02/06/2004) |
| 03/04/2004 | 141 | TRANSCRIPT - Order ; [RSN EOD 03/04/2004] (ORIGINAL GCMS ENTRY 130-1) (cnv) (Entered: 03/04/2004) |
| 03/05/2004 | 142 | UNITED States' Mtn for Extension of Time to File Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent & Ord - U.S.A may have until 03/19/04 in which to file an answer to Deft-Petitioner's 2255 mtm; [MBA EOD 03/08/2004] (ORIGINAL GCMS ENTRY 131-1) (cnv) (Entered: 03/05/2004) |
| 03/12/2004 | 143 | MEMORANDUM of Law in Support of Mtn to Vacate, Set Aside, or Correct Sent Pursuant to 28 USC 2255; [MBA EOD 03/12/2004] (ORIGINAL GCMS ENTRY 132-1) (cnv) (Entered: 03/12/2004) |
| 03/23/2004 | 144 | UNITED States' Second Mtn for Extension of Time to File Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent & Ord - U.S. may have until 04/12/04 to file an answer to Deft-Petitioner's 2255 mtn; [MBA EOD 03/24/2004] (ORIGINAL GCMS ENTRY 133-1) (cnv) (Entered: 03/23/2004) |
| 03/25/2004 | 145 | GOVERNMENT'S Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent; [MBA EOD 03/25/2004] (ORIGINAL GCMS ENTRY 134-1) (cnv) (Entered: 03/25/2004) |
| 05/04/2004 | 146 | DEFENDANT'S Traverse to Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence; [MBA EOD 04/25/2005] (ORIGINAL GCMS ENTRY 135-1) (cnv) (Entered: 05/04/2004) |
| 07/07/2005 | 147 | ORDER re Motion to Vacate, Set Aside or Correct Sentenced by a Person in a Federal Custody pursuant to 28 USC 2255. After considering all the submissions, the Court DENIES defendant's motion in its entirety; [MBA EOD 07/07/2005] (ORIGINAL GCMS ENTRY 136-1) (cnv) (Entered: 07/07/2005) |
| 08/15/2005 | 148 | Notice of Appeal; Motion for Certificate of Appealability filed by Isagani P. Dela Pena, Jr. re [147] Order Denying 2255 Motion (mba, ) Modified on 8/16/2005 (rsn, ). (Entered: 08/16/2005) |
| 08/15/2005 | 149 | Certificate of Service as to Isagani P. Dela Pena, Jr. re 148 Notice of Appeal, Motion for Certificate of Appealability (mba, ) (Entered: 08/16/2005) |
| 03/23/2006 | 150 | Motion for Accelerated Adjudication of Motion for Certificate of Appealability re 148 Notice of Appeal; Motion for Certificate of Appealability by Isagani P. Dela Pena, JR. (lth, ) (Entered: 03/23/2006) |
| 03/28/2006 | 151 | Certificate of Service as to Isagani P. Dela Pena, Jr. re 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability (mba, ) (Entered: 03/28/2006) |

| 03/31/2006 | 152 | Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability as to Isagani P. Dela Pena Jr (Related document: 148 Notice of Appeal). (1). Signed by Judge Robert M. Takasugi on 3/30/2006. (mba, ) **Modified on 3/31/2006 to add docket relationship** (mba, ). (Entered: 03/31/2006) |
|---|---|---|
| 03/31/2006 | 153 | Notice of Entry re 152 Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability (Related document: 148 Notice of Appeal). (mba, ) (Entered: 03/31/2006) |
| 04/04/2006 | 154 | Certificate of Service re 153 Notice of Entry, 152 Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability as to Isagani P. Dela Pena, Jr.. (Related document: 148 Notice of Appeal). (mba, ) (Entered: 04/04/2006) |
| 10/10/2006 | 155 | Order of USCA (certified copy) as to Isagani P. Dela Pena, Jr re 148 Notice of Appeal. The request for a certificate of appealability is denied.(mba, ) (Entered: 10/23/2006) |
| 10/23/2006 | 156 | Amended Order of USCA (certified copy) as to Isagani P. Dela Pena, Jr. (Related documents: 155 Order of USCA (certified copy), 148 Notice of Appeal).(mba, ) (Entered: 10/23/2006) |
| 10/23/2006 |  | Ninth Circuit Court of Appeals amended their order to include the criminal case number as to Isagani P. Dela Pena, Jr. (mba, ) (Entered: 10/23/2006) |
| 10/24/2006 |  | Court Certificate of Service as to Isagani P. Dela Pena, JR re 155 USCA Order, 156 Amended USCA Order - USAO acknowledged receipt on 10/24/2006. (mba, ) (Entered: 10/24/2006) |
| 10/24/2006 | 157 | Certificate of Service as to Isagani P. Dela Pena, JR re 155 USCA Order, 156 Amended USCA Order. (mba, ) (Entered: 10/24/2006) |
| 01/11/2007 | 158 | Certificate of Release of Lien filed by USA as to Isagani P. Dela Pena, Jr. (vtk, ) (Entered: 01/11/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/10/2008 03:02:31 | | |
| PACER Login: | us4090 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:00-cr-00126 |
| Billable Pages: | 10 | Cost: | 0.80 |

# CERTIFICATE OF SERVICE

2    I, **ALEX SILVERIO**, declare:

3    That I am a citizen of the United States and resident or employed

4 in Los Angeles County, California; that my business address is the

5 Office of United States Attorney, United States Courthouse, 312

6 North Spring Street, Los Angeles, California 90012; that I am over

7 the age of eighteen years, and am not a party to the above-entitled

8 action;

9    That I am employed by the United States Attorney for the Central

10 District of California who is a member of the Bar of the United

11 States District Court for the Central District of California; at

12 whose direction I served a copy of: **GOVERNMENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC § 2241;**

13 **DECLARATION OF ERIC D. VANDEVELDE; EXHIBITS**

14 [ ] Placed in a closed    [X] Placed in a sealed
envelope, for collection    envelope for collection and

15 and interoffice delivery    mailing via United States Mail,
addressed as follows:    addressed as follows:

16
    [ ] By hand delivery    [ ] By facsimile as follows:

17 addressed as follows:

18 [ ] By messenger as follows:    [ ] By federal express as follows:

19 **ISAGANI DE LA PENA
REG. NO. 00944-093**

20 **FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION**

21 **P.O. BOX 5300
ADELANTO, CA 92301**

22
    This Certificate is executed on **JANUARY 16, 2008,** at Los Angeles,

23 California.

24
    I certify under penalty of perjury that the foregoing is true and

25 correct.

26

27 _____
    **ALEX SILVERIO**

28