Isagani Dela Pena, Jr.
Reg. No. 00944-093
Propria Persona
FCI-Victorville I
P.O. Box 5300
Adelanto, CA 92301

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAGANI DE LA PENA,<br><br>    Petitioner,<br><br>v.<br><br>S.A. HOLENCIK, Warden,<br><br>    Respondent. | CASE NO. CV 07-7150-R (AGR)<br><br>**TRAVERSE MOTION IN RESPONSE TO GOVERNMENT'S MOTION TO DISMISS PETITION** |

    **COMES NOW**, the Petitioner, Isagani De La Pena, acting in propria persona, respectfully submits this Traverse Motion in Rebuttal to Government's Motion to Dismiss Petition, pursuant to all Federal Rules, Regulations and Procedures, including 28 U.S.C. § 2241.

    This Motion is based upon the attached Memorandum of Points and Authorities.

//
//
//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

The Petitioner is currently incarcerated at the Federal Correctional Institution-Victorville I in Adelanto, California which is in the Central District of California.

The Government contends that the § 2241 Petition filed by the Petitioner should be dismissed for lack of jurisdiction, in that the Petitioner challenges the validity of his convictions and sentence, not the manner in which his sentence is being executed.

The Petitioner contended that the execution of his sentence was illegal because he was improperly convicted of two lesser included offenses and that a competent effective counsel of record would have objected to any conviction on a lesser included offense.

The Government argues that the Petition must be dismissed because it attacks Petitioner's conviction and sentence and that § 2255 is the proper vehicle for such attacks.

The Government also argued that the Petitioner has not shown that a § 2255 "Savings Clause" applies.

## ARGUMENT

The proper vehicle for attacking the execution of sentence is 28 U.S.C. § 2241. [See **Grasso v. Norton**, 520 F.2d 27 (2d Cir. 1975); **Garafola v. Benson**, 505 F.2d 1212 (7th Cir. 1975)]. A writ of habeas corpus under the terms of that section, however, may be granted by district courts only "within their respective jurisdictions." [**Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)], the most recent Supreme Court consideration of the jurisdictional requirements of § 2241(a),

dispenses with the absolute requirement of **Ahrens v. Clark**, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), that the prisoner be located within the district court's jurisdiction. But **Braden** maintains the "minimum jurisdictional requisite of the presence of the custodian within the territorial confines of the district court." (**Lee** supra, 591 F.2d at 591). In this case, the Petitioner is in immediate custodian with the warden of the FCI-Victorville I, Adelanto, California.

The Petitioner's challenged the manner in which his sentence was executed by the illegality of a sentence in that, Count 2, distribution of methamphetamine [21 U.S.C. § 841(a)(1)], is a lesser included offense of Count 3, distribution of methamphetamine near a school [21 U.S.C. § 860]; and Count 5, possession of a firearm by a felon [18 U.S.C. § 922(g)(1)], is a lesser included offense of Count 6, possession of a firearm by an unlawful drug user [18 U.S.C. § 922(g)(3)]; in which, constituted ineffectiveness of counsel for failure to object to any conviction on a lesser included offense. The execution of the sentence is illegal and invalid. Result of this ineffectiveness of counsel is that the Petitioner has never had his "unobstructed procedural shot" at challenging the unconsitutional convictions for which he is "legally innocent."

The government has tried to construe the Petitioner's § 2241 Petition as a § 2255 and contends lack of jurisdiction. The Petitioner has stated the he is clearly "legally innocent" when it comes to the lesser offense. Under 28 U.S.C. § 2241, pursuant to the "savings clause," the Petitioner has the right to file a § 2241 Petition when he claims to be: [1] legally innocent of the

Case 1:08-cv-00004 Document 12-10 Filed 04/18/2008 Page 3 of 6

crime for which he has been convicted; and [2] has never had an "unobstructed procedural shot" at presenting this claim. [See **Lorenstsen v. Hood**, 223 F.3d 950, 954 (2000)]. In **U.S. v. Smith**, 285 F.3d 6, 8 (D.C. Cir. 2000), courts have allowed petitions to proceed under 28 U.S.C. § 2241 when the defendants have "been convicted on the basis of an incorrect understanding of the law, and that § 2255 relief is unavailable to him."

The government is requesting evidence to warrant any type of factual, actual, or legal innocence. If the possibility of relief under § 2255 is foreclosed, a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241. [See, e.g. **Wofford v. Scott**, 177 F.3d 1236 (11th Cir. 1999); **Inre Davenport**, 147 F.3d 605 (7th Cir. 1996); **Triestman v. U.S.**, 124 F.3d 361 (2d Cir. 1997); **In re Dorsainvil**, 119 F.3d 245 (3d Cir. 1997).]

In **Bousley v. U.S.**, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court, explained that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (Internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasoable juror" would have convicted him. [See **Dejan v. U.S.**, 208 F.3d 682, 686 (8th Cir. 2000)]. In making or rebutting this showing, the Petitioner has had an obstructed procedureal shot at presenting a claim of innocence, and is not just

- 4 -

Case 1:08-cv-00004   Document 12-10   Filed 04/18/2008   Page 4 of 6

mere legal insufficiency." (**Bousley**, 523 U.S. at 623, 118 S.Ct. 1604). Here, the fact that the Petitioner's convictions for two (2) Counts (Counts II and III) constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause and requires vacation of a conviction as to the lesser offense, in which, is well settled law at this time and cannot be disputed. [See **U.S. V. CABBACCANG**, 481 F.3d 1176, 1180 (9th Cir. 2007)].

## CONCLUSION

For the reasons noted above, the Petition should be GRANTED in its entirety under 28 U.S.C. § 2241 in which, this Honorable Court has jurisdiction and DENY the government's Motion to Dismiss.

The Petitioner also respectfully requests this Honorable Court to allow/permit the Petitioner to submit another Rebuttal/Traverse in rebuttal to the governments briefing on the merits of Petitioner's claims, should the Court DENY the government's Motion to Dismiss.

**RESPECTFULLY SUBMITTED** on this 20th day of February, 2008.

_____
Isagani De La Pena/Petitioner
Propria Persona

# CERTIFICATE OF SERVICE

I, __Isagani De La Pena__ hereby certify that I have served a true and correct copy of the following:

**TRAVERSE MOTION**

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **Houston v. Lack**, 101 L.Ed.2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

| | |
|---|---|
| United States District Court | Eric D. Vandevelde |
| Central District of California | Assistant U.S. Attorney |
| Clerk of the Court | U.S. Attorneys Office |
| 312 N. Spring Street | Central District of California |
| Los Angeles, CA 90012 | 312 N. Spring Street |
| | Los Angeles, CA 90012 |

**and deposited same in the United States Mail** at the Federal Correctional Institution, Adelanto, California - FCI-Victorville I Mail Room.

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this __20th__ day of __February__, 20__08__.

_____
Isagani De La Pena/Petitioner

_____
Propria Persona

- 6 -

Case 1:08-cv-00004   Document 12-10   Filed 04/18/2008   Page 6 of 6