I hereby attest and certify on 4/1/2008 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1172



FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAGANI DE LA PENA,<br>Petitioner,<br>v.<br>S.A. HOLENCIK,<br>Respondent. | NO. CV 07-7150-R (AGR)<br><br>ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM |

## I.
## SUMMARY OF PROCEEDINGS

Petitioner is in custody at Federal Correctional Institution - Victorville in Adelanto, California, which is in the Central District of California. In 2001, a jury convicted Petitioner in the District of Guam on drug and weapons charges. (Petition, Memo at 1-2.) Petitioner was sentenced to 365 months in prison. (Petition at 2.) On February 26, 2003, the Ninth Circuit affirmed the conviction. (*Id.*) On July 7, 2005, the trial court in the District of Guam denied Petitioner's motion made pursuant to 28 U.S.C. § 2255. (*Id.*)

///
///

On October 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court in which he raised two grounds: (1) double jeopardy and (2) ineffective assistance of counsel.

On January 16, 2008, Respondent filed a motion to dismiss, arguing that the petition should be dismissed for lack of jurisdiction. On March 7, 2008, Petitioner filed a reply.

The matter is now under submission. For the reasons described below, the action must be transferred to the District of Guam.

## II.
## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255 . . ., while petitions that challenge the manner, location, or conditions of a

///

///

2

sentence's execution must be brought pursuant to § 2241."[1] *Hernandez*, 204 F.3d at 864 (citations omitted).

Petitioner clearly challenges the legality of the sentence imposed. In Count 3, Petitioner was convicted of distribution of methamphetamine within 1000 feet of a playground. In Count 2, he was convicted of distribution of methamphetamine. (Petition, Memo at 2-3.) In Ground One, Petitioner argues that Count 2 is a lesser included offense of Count 3, and that conviction on both counts violates double jeopardy. (*Id.* at 3.) In Ground Two, Petitioner argues that his trial counsel was ineffective for failing to object to the alleged violation of double jeopardy. (*Id.* at 5.)

Petitioner acknowledges that normally § 2255 would be the appropriate mechanism for testing the legality of his detention. (*Id.* at 3.) However, he said he couldn't properly raise the double jeopardy ground at the time of the filing of his § 2255 motion on January 23, 2004, because the case he relies on, *United States v. Perry*, 389 F. Supp. 2d 278, 285 (D.R.I. 2005), had not yet been decided. (*Id.* at 4.) Consequently, Petitioner argues that he did not have an "unobstructed procedural shot" in his original § 2255 motion and that he is "legally innocent" of the lesser included offense. (*Id.*)

Petitioner's claim that his petition comes under § 2255's savings clause is meritless. Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

---

[1] For example, a challenge to the Parole Commission's "decision in setting [the] term of parole" would be brought by petition under § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991).

remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this Court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000). This language in § 2255 has been labeled the "savings clause" (*Hernandez*, 204 F.3d at 864-65) or the "escape hatch" (*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 1896 (2007)).

In 1997, the Ninth Circuit had not "fully explained" when the "savings clause" applied but had "recognized that it is a narrow exception." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). By 2000, the Ninth Circuit acknowledged that other circuits had held that the savings clause was available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000). Although *Lorentsen* declined to formally adopt this formulation, it nonetheless found that its petitioner would not be entitled to relief because he was not "actually innocent." *Id.* at 954.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and internal quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

4
Case 1:08-cv-00004    Document 12-11    Filed 04/18/2008    Page 4 of 6

In *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir.), *cert. denied*, 540 U.S. 1051 (2003), the Ninth Circuit implicitly adopted the other circuits' formulation of the "escape hatch." *See also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

Petitioner has not satisfied the requirements of the savings clause. Petitioner alleges he did not have an "unobstructed procedural shot" at presenting his constitutional claims in his § 2255 motion because the law was not decided at the time of his § 2255 motion in 2004. (Petition, Memo at 4.) However, as Petitioner himself acknowledges later in his petition, this is false. (*Id.* at 5 (citing to *United States v. Kakatin*, 214 F. 3d 1049, 1051 (9th Cir.) ("We agree with Defendant, as does the government, that § 841(a) is a lesser-included offense of the crime described in § 860.") (citation omitted)), *cert. denied*, 531 U.S. 911 (2000).) The law on this issue was well-settled before Petitioner's § 2255 motion filed on January 23, 2004. (Exh. A to Vandevelde Declaration.)

Petitioner also argues he is "legally innocent" of the lesser included offense. (Petition, Memo at 4.) However, the savings clause requires he be "actually innocent." *Lorentsen*, 223 F.3d at 954. As *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) explains in the context of a procedural default,[2] "actual innocence means factual innocence, not mere legal insufficiency."[3] *Id.* at 623 (citation and internal quotation marks omitted).

---

[2] *Lorentsen* cited to *Bousley* for the definition of "actual innocence." *Lorentsen*, 223 F.3d at 954.

[3] Petitioner's citation to *In re Smith*, 285 F.3d 6 (D.C. Cir. 2002) is unavailing. First, the court found that Smith had not made a prima facie showing under § 2255 to obtain authorization to file a successive § 2255 motion. *Id.* at 7-8. Thus, the court's statement that Smith could file a § 2241 petition in a district in the Seventh Circuit was dicta and was based on the Seventh Circuit's interpretation of the § 2255 savings clause. *Id.* at 8. Second, unlike Petitioner,

5

Petitioner's claim is not that he was actually innocent of either charge, just that he should not have been punished for both.

Accordingly, pursuant to 28 U.S.C. § 1631, this action should be transferred to the sentencing court, the United States District Court for the District of Guam, which has jurisdiction over Petitioner's claim. See *Hernandez*, 204 F.3d at 866.

## III.
## CONCLUSION

It is therefore ORDERED that this action be transferred to the United States District Court for the District of Guam, and that the Clerk of this Court effect such transfer.

It is further ORDERED that the Clerk serve copies of this Order on the parties.

Dated: March 31, 2008

MANUEL L. REAL
United States District Judge

Presented by:

ALICIA G. ROSENBERG
United States Magistrate Judge

---

Smith was "actually innocent" of the charged crime because of a subsequent interpretation of the charging statute by the United States Supreme Court. *Id.* at 7, 8.

6